

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JESSE J. BRYANT, #00142314, | * * * | Civil No. |
| Petitioner, | * * | Orig. Crim. No. 92004686DI |
| v. | * * | |
| THOMAS L. CARROLL, Warden, DCC Smyrna, | * * * | |
| Respondent. | * | |

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

COMES NOW, the Petitioner herein, JESSE BRYANT, by and through the undersigned counsel, and moves this Honorable Court to vacate the sentence heretofore imposed, as such was imposed as a result of a violation of the Petitioner's constitutional rights. The Petitioner's rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and rights to a jury trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated when his sentence was enhanced based solely upon judicial fact finding. Further, the Delaware judiciary failed to decide the aforementioned issue upon its merits, instead retreating behind an improper procedural barrier to deny the Petitioner relief. In support hereof, the Petitioner states the following:

1. On July 14, 1976, the Petitioner was indicted by the Grand Jury for New Castle County, Delaware. The Petitioner was charged with the murder of Renita Bryant and the attempted murder of Roy McIntyre, along with related criminal charges. On October 22, 1976, the Petitioner entered a plea of not guilty to the charges against him.

The facts giving rise to the instant action occurred on May 28, 1976. Before the alleged crime took place, the Petitioner and his wife, Renita Bryant, had been having serious marital problems. Further, the Petitioner was aware that his wife had been carrying on an affair with another man named Roy McIntyre, since 1975.

On May 28, 1976, the Petitioner and his wife entered into a heated argument and the Petitioner called McIntyre asking him if he wanted Mrs. Bryant because he was done with her. McIntyre told the Petitioner to bring her to his home in Delaware, and that he would take her. The State further attempted to show, through the testimony of Donald E. Watson, that the Petitioner physically abused Mrs. Bryant in their home that night (although Watson admitted that he did not actually see such abuse), and that the Petitioner was going to take a camera to McIntyre's house to get pictures of McIntyre and Mrs. Bryant (allegedly for purposes of divorce proceedings whereby the Petitioner would retain his house). The Petitioner and Mrs. Bryant, along with Watson, who at the time was a friend of the Petitioner, went to Roy McIntyre's house to discuss the relationship that he was having with Mrs. Bryant.

Upon arriving at McIntyre's house in Delaware, the Petitioner, Mrs. Bryant and Watson approached the door (the nephews stayed in the car) with Mrs. Bryant leading the way. Once McIntyre opened the door, Mrs. Bryant rushed into the house, followed by Watson and the Petitioner. Watson observed McIntyre reach for something in his belt, causing Watson to panic and fire his gun into the air. Watson allegedly fired only one shot from the .357 handgun he was carrying, and the Petitioner, who was a police officer at the time, allegedly drew his firearm and shot McIntyre in the face with his .380 caliber

2

handgun. Then, after McIntyre was thrown backwards from the blow, the State attempted to show that the Petitioner went over and fired four more rounds into McIntyre's back. Then, the Petitioner allegedly proceeded to shoot and kill Mrs. Bryant. Ultimately, McIntyre survived and Mrs. Bryant died as a result of her gunshot wounds.

2. The Petitioner proceeded to a jury trial that jury started on April 30, 1979 in the Delaware Superior Court for New Castle County before the Honorable William G. Bush, III. On May 9, 1979, the jury returned a verdict of guilty as to the counts of first degree murder, attempted murder in the first degree, two counts of possession of a deadly weapon in the commission of a felony, burglary in the first degree, two counts of conspiracy in the first degree, and conspiracy in the second degree.

3. The Petitioner appeared for sentencing on December 13, 1979. The Petitioner received the mandatory term of life imprisonment for the first degree murder and attempted first degree murder convictions. These sentences were to run consecutively with the sentences on the related convictions, which were an additional cumulative thirty years of incarceration. The sentencing judge did not note that the life sentences were to be served without the possibility of parole, pursuant to the decision issued in State v. Spence, 267 A.3d 983 (Del. 1976).

4. The Petitioner then filed a Notice of Appeal to proceed to the Supreme Court of Delaware. On appeal, the Petitioner argued that: (1) the Petitioner's right to a speedy trial had been violated; (2) the Petitioner received ineffective assistance of trial counsel when counsel failed to move to bring this matter tot trial in a speedy manner and when counsel failed to pursue insanity and alibi defenses; and (3) the Petitioner's right to be free from

    double jeopardy was violated when consecutive sentences were imposed for conviction on possession of a deadly weapon charges with murder and attempted murder charges. On November 13, 1981, the Court (No. 347, 1979) affirmed the lower court upon the merits of the issues presented.

5. The Petitioner thereafter filed a Motion for Post-Conviction Relief, arguing that counsel provided ineffective assistance. A hearing was held, and the motion was eventually denied.

6. The Petitioner became eligible for parole on January 29, 2001. Upon becoming aware of the Petitioner's request for parole, the State investigated the matter, resulting in an order from the Superior Court of New Castle County issuing an order correcting the Petitioner's sentence. The sentence was corrected to state that the Petitioner was not eligible for parole. The sentencing order became final on May 14, 1992.

7. A timely Notice of Appeal was filed for further proceedings in the Supreme Court of Delaware. The Petitioner argued that: (1) the sentencing correction enhanced the quantum of punishment and therefore constituted a violation of the Petitioner's Fifth Amendment right against double jeopardy; (2) the sentencing correction violated the constitutional proscription against *ex post facto* laws because it retroactively enhanced the Petitioner's sentence after the Petitioner began serving his sentence; (3) permitting the enhancement of the Petitioner's sentence was fundamentally unfair and violative of his due process rights; and (4) the Petitioner was denied procedural due process because he was not afforded notice and opportunity to be heard before the order correcting his

4

sentence was entered. On January 8, 1993, the Supreme Court of Delaware affirmed the lower court's corrective order.

8. On June 30, 2005, the Petitioner filed a second Motion for Post-Conviction Relief pursuant to Del. Super. Ct. Crim. R. 61 with the New Castle County Superior Court. Substantively, the Petitioner argued that his rights to a jury trial and due process of law were violated when he was punished upon facts that were neither submitted to a jury nor proved beyond a reasonable doubt. The motion was denied as being untimely filed on February 27, 2007.

9. A timely Notice of Appeal was filed for further proceedings in the Supreme Court of Delaware. The Petitioner argued that: (1) the Superior Court erred in ruling that the Petitioner's Post-Conviction Motion was not timely filed pursuant to del. Super. Ct. Cr. R. 61(i)(1); and (2) the Superior Court erred in ruling that the Petitioner's rights to a jury trial and due process of law were violated when he was punished upon facts that were neither submitted to a jury nor proved beyond a reasonable doubt. On July 18, 2007, the Supreme Court affirmed the decision of the lower court, finding that Post-Conviction Motion was time-barred.

10. During pre-trial, trial, and at sentencing, the Petitioner was represented by Louis L. Redding, Esq., and Warren R. Hamilton, Esq., addresses unknown. O direct appeal, the Petitioner can not recall by whom he was represented. During his first post-conviction proceeding, the Petitioner can not recall by whom he was represented. On appeal of his corrected, sentence, the Petitioner was represented by Stephen B. Potter, Esq., Suite 200, First Federal Plaza, P.O. Box 514, Wilmington, Delaware 19899. During his second

post-conviction proceeding and the appeal therefrom, the Petitioner was represented by Charles Murray, Esq., 27499 Riverview Center Blvd., Suite 113, Bonita Springs, Florida 34134 and Leo John Ramunno, Esq., 1205 North King Street, Wilmington, Delaware 19801.

11. No further legal action has been taken in this case.

12. The Petitioner submits that his detention is unlawful, and argues that:

   I. The Delaware judiciary erred in ruling that the Petitioner's rights to a jury trial and due process of law were not violated when he was punished upon facts that were neither submitted to a jury nor proved beyond a reasonable doubt.

   II. The Petitioner is entitled to an evidentiary hearing on these matters.

13. The Petitioner is currently confined in the DCC in Smyrna, Delaware. The Petitioner's inmate registration number is 00142314.

WHEREFORE, in consideration of the foregoing as well as argument of law contained in the Memorandum of Law filed herewith, the Petitioner respectfully prays that this Court issue an Order vacating the sentence imposed in this case based upon violations of the Petitioner's constitutional rights. At a minimum, the Petitioner requests an evidentiary hearing on these issues.

Respectfully submitted,

Leo J. Ramunno, Esq.
Attorney for the Petitioner
1205 N. King Street
Wilmington, Delaware 19801
302-654-0660 voice
302-577-2496 fax

Respectfully submitted,

Charles A. Murray, Esquire
Attorney for the Petitioner
27499 Riverview Center Blvd., Suite 113
Bonita Springs, Florida 34134
239-649-7773 voice
239-262-3517 fax

6

## VERIFICATION

The Petitioner herein, Jesse Bryant, hereby declares, verifies and states under penalty of perjury that the facts stated in the foregoing Motion and Memorandum of Law are true and correct to the best of his knowledge and belief.

Executed on October 25, 2007, pursuant to 28 U.S.C. § 1746.

/LS/ *Jesse J. Bryant*

_____

Jesse J. Bryant

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Motion and Memorandum of Law appended hereto has been sent this 31st day of October, 2007, by regular U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to the Office of the Attorney General, Carvel State Office Building, 820 North French Street, Wilmington, Delaware 19801; and the Office of the Warden, DCC Smyrna, 1181 Paddock Road, Smyrna, Delaware 19977.

Leo J. Ramunno, Esq.
Attorney for the Petitioner
1205 N. King Street
Wilmington, Delaware 19801
302-654-0660 voice
302-577-2496 fax

Charles A. Murray, Esquire
Attorney for the Petitioner
27499 Riverview Center Blvd., Suite 113
Bonita Springs, Florida 34134
239-649-7773 voice
239-262-3517 fax