IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JESSE JAMES BRYANT**, | ) |
| Petitioner | ) |
| v. | ) Civ. Act. No. 07-688-SLR |
| **PERRY PHELPS**, Warden, and the **ATTORNEY GENERAL OF THE STATE OF DELAWARE**, | ) |
| Respondents | ) |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, respondents submit the following in response to the petition for a writ of habeas corpus:

1. The grand jury in July 1976 indicted Jesse James Bryant, charging him with first degree murder, attempted murder, two counts of first degree conspiracy, two counts of possession of a deadly weapon during the commission of a felony, first degree burglary, and second degree conspiracy. A Superior Court jury in May 1979 convicted Bryant of all eight charges. In December 1979, Bryant was sentenced to two consecutive life terms plus 30 years imprisonment. On direct appeal, the convictions were affirmed. *Bryant v. State*, 1981 Del. LEXIS 385 (Del. Nov. 13, 1981). In July 1982, Bryant applied for federal habeas relief; the petition was dismissed in November 1983 on exhaustion grounds. *Bryant v. Sullivan*, Civ. Act. No. 82-476-NRP (D. Del. Nov. 2, 1983) (copy of docket sheet and final order attached hereto).[1]

---

[1] Because the 1982 action was dismissed on exhaustion grounds, Bryant is not required to obtain authorization from the court of appeals, under 28 U.S.C. §2244(b), to proceed with this action. *E.g., Jones v. Morton*, 195 F.3d 153, 156 n.2 (3d Cir. 1999) (citing *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997)).

2. In 1991, prosecutors learned that Bryant was seeking release from prison on parole. After various proceedings in the Superior Court, the court in June 1992 corrected Bryant's sentence for first degree murder to provide that the sentence was not subject to probation or parole. Bryant appealed from that order, and on appeal, the state supreme court affirmed. *Bryant v. State*, 1993 WL 22040 (Del. Jan. 8, 1993).

3. In June 2005, Bryant, represented by counsel, moved for state post-conviction relief. According to Bryant, the 1992 correction of his sentence for murder violated the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).[2] (A20-37). After obtaining a response from prosecutors, the Superior Court Commissioner to whom the motion had been referred recommended that Bryant's motion be denied.[3] The Commissioner found Bryant's claim barred by Criminal Rule 61(i)(1). Because neither *Apprendi* nor *Blakely* had been held to be retroactive, the exception to the limitations period of Rule 61(i)(1) did not apply. Moreover, Bryant's claim did not come within the reach of Rule 61(i)(5): life imprisonment without parole was the only possible sentence upon Bryant's conviction for first degree murder, and the correction of his sentence in 1992 did not increase his sentence beyond that authorized by the jury verdict. A Superior Court judge adopted the Commissioner's report and recommendation and denied Bryant's motion.[4] On Bryant's ensuing appeal, the state supreme court held that Superior Court had correctly concluded that Bryant's claim was untimely under Criminal Rule 61(i)(1) and that consideration of the issue under Criminal

---

[2] Appendix to Amd. Op. Brf. for Appellant (hereinafter "A") at 20-37, *Bryant v. State*, Del. Supr. Ct. No. 159, 2007.
[3] A38-50, *Bryant v. State*, Del. Supr. Ct. No. 159, 2007.
[4] A16-19, *Bryant v. State*, Del. Supr. Ct. No. 159, 2007.

Rule 61(i)(5) was not warranted. *Bryant v. State*, 2007 WL 2049781 (Del. July 18, 2007).

4. In his petition for federal habeas corpus, Bryant complains that the 1992 correction of his sentence for first degree murder violated *Apprendi* and *Blakely*. DI 1 at ¶12; DI 2 at 3-7. Bryant presented this issue to the Delaware Supreme Court in his 2007 appeal, and he has thus exhausted state remedies. *See Smith v. Digmon*, 434 U.S. 332 (1978).[5] The petition, however, can be dismissed for three reasons: Bryant's claim is barred by the retroactivity doctrine of *Teague v. Lane*, 489 U.S. 288 (1989); the petition is untimely under 28 U.S.C. §2244(d); and the claim is procedurally barred.

**Retroactivity**:

Under *Teague*, new constitutional rules of criminal procedure are inapplicable to cases which have become final before the new rule is announced. *See, e.g., Horn v. Banks*, 536 U.S. 266, 271 (2002). A case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final. *See, e.g., Lewis v. Johnson*, 359 F.3d 646, 653 (3d Cir. 2004). "If, however, the decision did not announce a new rule, it is necessary to inquire whether granting the relief sought would create a new rule because the prior decision is applied in a novel setting, thereby extending the precedent." *Stringer v. Black*, 503 U.S. 222, 228 (1992). Here too, if a new rule would be created, *Teague* requires the court to deny relief.

---

[5] Bryant also complains that the state courts should not have held the *Apprendi* claim to be procedurally barred under Criminal Rule 61(i)(1). DI 2 at 7-9. Any challenge to state post-conviction procedure does not state a claim cognizable under section 2254. *E.g., Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004); *Hassine v. Zimmerman*, 160 F.3d 941, 954-55 (3d Cir. 1998); *Laboy v. Carroll*, 437 F.Supp.2d 260, 263 (D. Del. 2006); *White v. Carroll*, 416 F.Supp. 270, 282 (D. Del. 2006).

The *Teague* analysis requires the court to proceed in three steps. "First, the court must determine when the defendant's conviction became final. Second, it must ascertain the 'legal landscape as it then existed,' and ask whether the Constitution, as interpreted by the precedent then existing, compels the rule. That is, the court must decide whether the rule is actually 'new.'" *Beard v. Banks*, 542 U.S. 406, 411 (2004) (quoting *Graham v. Collins*, 506 U.S. 461, 468 (1993) and citing *Saffle v. Parks*, 494 U.S. 484, 488 (1990)). The last step, reached only if the court decides the defendant is asking for a new rule, is to decide if the rule fits within either exception to *Teague*. *Beard*, 542 U.S. at 411. The first step in the analysis here is straightforward: Bryant's conviction became final in February 1982 when the period expired in which he could have sought review by the United States Supreme Court. *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.").

The other two steps of the analysis, in the context of *Apprendi* claims, have already been resolved: the Third Circuit has held that *Apprendi* and *Blakely* claims are foreclosed by the retroactivity doctrine of *Teague*. *See Lloyd v. United States*, 407 F.3d 608, 612-16 (3d Cir. 2005) (*United States v. Booker*, 543 U.S. 220 (2005), applying *Blakely* to federal sentencing guidelines, not retroactively applicable to defendant filing first post-conviction motion); *United States v. Swinton*, 333 F.3d 481, 487-91 (3d Cir. 2003) (*Apprendi* not applicable to defendant filing first post-conviction motion). *Cf. In re Olopede*, 403 F.3d 159 (3d Cir. 2005) (denying leave to file, under 28 U.S.C. §2244(b), second federal post-conviction motion advancing *Booker* claim); *In re Turner*, 267 F.3d 225 (3d Cir. 2001) (denying leave to file, under 28 U.S.C. §2244(b), second

federal post-conviction motion advancing *Apprendi* claim). Accordingly, Bryant's claim that his sentence for first degree murder was imposed in violation of *Apprendi* and *Blakely* can be rejected on the basis of *Teague*.

**Timeliness**:

Under 28 U.S.C. §2244(d)(1), a petition for federal habeas corpus filed by a state prisoner is subject to a one year statute of limitations. The limitation period begins from the latest of the following dates: the date the state court judgment is final; the date on which an impediment to filing, created by state action violating the federal Constitution or federal law, is removed; the date on which a constitutional right is newly recognized and made retroactively applicable; or the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(A)-(D). Only one of these dates is potentially relevant to Bryant: the date on which the Supreme Court announced a newly recognized right, assuming that right has been made retroactively applicable to cases on collateral review. *See Dodd v. United States*, 545 U.S. 353, 357 (2005).

a. As a preliminary matter, Bryant's conviction became final in February 1982 when the period expired in which he could have sought review, by the United States Supreme Court, of the November 1981 Delaware Supreme Court decision. *E.g., Clay v. United States*, 537 U.S. 522, 524-25 (2003); *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999). Because Bryant's conviction became final before the 1996 amendment to the federal habeas statutes, the limitations period for Bryant began to run, not from February 1982, but on April 24, 1996, the effective date of the 1996 amendment. *See, e.g., Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (citing cases). Thus, Bryant had until April 24, 1997 in which to file his federal habeas petition without running afoul of section 2244(d). *See Wilson v. Beard*, 426 F.3d 653, 662-63 (3d Cir. 2005);

*Goodwin v. Carroll*, 503 F.Supp.2d 726, 728 (D. Del. 2007); *Laboy*, 437 F.Supp.2d at 264.

  b. Bryant's petition seeks the retroactive application of *Apprendi* and *Blakely*. The decision in *Apprendi* was issued on June 26, 2000, and the decision in *Blakely* was issued on June 24, 2004. However, §2244(d)(1)(C) expressly provides that the one year period in which to file a federal habeas petition based on a constitutional right newly recognized by the Supreme Court is available only if the decision has been applied retroactively. As explained above, neither *Apprendi* nor *Blakely* has been made retroactively applicable. Thus, in the first instance, because *Apprendi* and *Blakely* are not retroactively applicable, there is no basis to view the limitations period as running from the issuance of those decisions.

  Alternatively, assuming *arguendo* that *Blakely* were to be applied retroactively, Bryant would have had one year from the issuance of the decision in *Blakely* to file his petition for federal habeas corpus. *See Dodd*, 545 U.S. at 357-58 (limitation period begins to run from date on which Supreme Court initially recognized right asserted, not from date on which right asserted is made retroactively applicable). Under the rule announced in *Dodd*, if *Blakely* were retroactively applicable, Bryant's federal habeas petition had to be filed on or before June 25, 2005 to be timely under §2244(d)(1)(C). Bryant's petition, though, was filed on November 1, 2007,[6] thus being untimely under the statute.

---

[6] In the vast majority of cases, the date of filing is the date the prisoner delivers the petition to prison officials for mailing to the district court, and the date on the petition is the presumptive date of mailing. *E.g., Woods v. Kearney*, 215 F.Supp.2d 458, 460 (D. Del. 2002). Here, that date would appear to be October 25, 2007. DI 1 at 7 (date of verification by Bryant). Bryant, however, was represented by counsel during the state post-conviction proceedings and is represented in this action, and the date of filing should be viewed as the date

The limitations period under §2244(d)(1)(C), of course, could be tolled by a "properly filed" motion for state post-conviction relief. 28 U.S.C. §2244(d)(2). But the statutory tolling provision is of no comfort to Bryant: his state post-conviction motion was filed on June 30, 2005,[7] more than a year after *Blakely* was decided. Thus, the limitations period of §2244(d) had run before Bryant filed his post-conviction motion, and that post-conviction motion does not trigger the provisions of §2244(d)(2). *E.g., Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004); *Barnett v. Carroll*, 514 F.Supp.2d 619, 623 (D. Del. 2007); *Laboy*, 437 F.Supp.2d at 264. Moreover, for a state post-conviction motion to be "properly filed" and thus toll the limitations period, the state motion must be timely filed under state law. *E.g., Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005). The Delaware Supreme Court, however, held Bryant's June 2005 post-conviction motion to have been untimely under Superior Court Criminal Rule 61(i)(1). *Bryant*, 2007 WL 2049781, order at ¶6. Because the June 2005 post-conviction motion was untimely, under *Pace*, the motion was not "properly filed" for purposes of §2244(d)(2). That the state supreme court (as had the Superior Court) looked at Bryant's motion to determine if review was warranted under Criminal Rule 61(i)(5)[8] is of no moment. *Pace*, 544 U.S. at 414 (citing *Carey v. Saffold*, 536 U.S. 214 (2002)); *Satterfield v. Johnson*, 434 F.3d 185, 192-94 (3d Cir. 2006).

---

the Clerk received the petition, i.e., November 1, 2007. *See Lindsey v. Carroll*, 421 F.Supp.2d 806, 809 n.2 (D. Del. 2006) (noting that several courts of appeals have held prison mailbox rule is not applicable when petitioner is represented, but declining to reach issue because petition was untimely even under prison mailbox rule).

[7] *See* DI 1 at ¶8 ("On June 30, 2005, the Petitioner filed a second Motion for Post-Conviction Relief pursuant to Del. Super. Ct. Crim. R. 61...."); A12 (entries 78-80), *Bryant v. State*, Del. Supr. Ct. No. 159, 2007.

[8] *Bryant*, 2007 WL 2049781, order at ¶7.

The limitations period may be tolled for equitable reasons, of course, as this Court has repeatedly noted. *E.g., Eaves*, 529 F.Supp.2d at 476; *Goodwin*, 503 F.Supp.2d at 729. But one requirement for equitable tolling is that the party invoking the principle have acted diligently in pursuing his rights. *E.g., Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89. 96 (1990)). The obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the prisoner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones*, 195 F.3d at 160). Assuming for the moment that the triggering event would have been the issuance of the decision in *Blakely* in June 2004, the passage of more than a year before Bryant initiated his 2005 state post-conviction action is hardly evidence of the requisite degree of diligence. That lapse of time is enough to foreclose any attempt by Bryant to invoke equitable tolling.

**Procedural Default**:

As previously noted, the state supreme court rejected Bryant's *Apprendi* claim on the basis that his motion had not been filed within the time period set out in Superior Court Criminal Rule 61(i)(1). *Bryant*, 2007 WL 2049781, order at ¶6. The state courts' application of Rule 61(i)(1) is clearly a "plain statement" that the state court decision rests on state law grounds. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991); *Harris v. Reed*, 489 U.S. 255 (1989). This Court has previously held that Criminal Rule 61(i) (1) is an adequate state ground to preclude federal habeas review. *E.g., Mulkey v. Snyder*, 1999 WL 588295, at *3-4 (D. Del. July 12, 1999); *Johnson v. Ellingsworth*, 783 F.Supp. 215 (D. Del. 1992). Consequently, unless Bryant can establish cause for his procedural default and resulting prejudice, *e.g., Smith v. Murray*, 477 U.S. 527, 533-38 (1986), or that a miscarriage of justice will result if the Court refuses to

consider his *Apprendi* claim, *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991), it must be dismissed. Bryant, however, has not alleged cause for his failure to have raised the issue within the three year period contained in Rule 61(i)(1).[9] Because Bryant has not established cause for his procedural default, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith*, 477 U.S. at 533.

In turn, the "miscarriage of justice exception" to the procedural default rule applies only to "extraordinary cases." *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 496 (1986). But there is no reason to think that Bryant's challenge to his sentence for first degree murder falls in this category. When Bryant committed the murder, the only two penalties under Delaware law were a mandatory death sentence or a non-parolable life sentence. Del. Code Ann. tit. 11, §4209(a) (1976); 59 Del. Laws ch. 284, §2 (1974).[10] Before Bryant's trial (in 1979), the state supreme court held that the mandatory death sentence was unconstitutional; the only penalty for first degree murder was life imprisonment without parole. *State v. Spence*, 367 A.2d 983, 988 (Del. 1976). The trial judge had no discretion in the matter: he could only sentence the defendant to a non-parolable life term. *Hooks v. State*, 429 A.2d 1312, 1314

---

[9] Perceived futility does not establish cause for the procedural default. *Smith*, 477 U.S. at 534-35; *Engle v. Isaac*, 456 U.S. 107, 130-31 & nn.35-36 (1982). The factual basis for the claim was available when Bryant's sentence was corrected in 1992; one had only to examine the record. *Cf. Bousley v. United States*, 523 U.S. 614, 622 (1998). And "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith*, 477 U.S. at 537. The Ninth Circuit had accepted an *Apprendi*-type argument in 1988. *See Adamson v. Ricketts*, 865 F.2d 1011, 1023-29 (9th Cir. 1988); Casenote, 26 Idaho L. Rev. 403 (1989-90). "Under these circumstances, it simply is not open to argument that the legal basis of the claim petitioner now presses on federal habeas was unavailable to counsel at the time of the [1992 correction of Bryant's sentence]." *Smith*, 477 U.S. at 537.

[10] *See State v. Sheppard*, 331 A.2d 142, 142 n. * (Del. 1974) (reproducing act). The act was signed by the Governor on March 29, 1974.

(Del. 1981). When Bryant was originally sentenced in 1979, Superior Court failed to specify that his life sentence for first degree murder was to be served without benefit of parole, and that error was ultimately corrected in 1992. Contrary to Bryant's thinking, a parolable life sentence was *not* a possibility upon a conviction for first degree murder when he committed the crime in 1976, a point made clear in the 2007 decision of the Delaware Supreme Court (*Bryant*, 2007 WL 2049781, order at ¶3) and an interpretation of state law binding on this Court. *E.g., Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Bryant's entire argument turns on his misapprehension of Delaware law. Because his reading of state law is simply wrong, Bryant can not establish that his claim should be considered in the context of the miscarriage of justice standard.

**Request for Evidentiary Hearing**: Finally, Bryant in his petition and in his accompanying memorandum asks for an evidentiary hearing. DI 1 at 6; DI 2 at 13. As detailed above, Bryant's allegations do not state a claim for relief, and any hearing is unnecessary. *See, e.g., Richardson v. Pennsylvania Bd. of Probation & Parole*, 423 F.3d 282, 293-94 (3d Cir. 2005). Moreover, there are no relevant facts in dispute, and Bryant's claim can be resolved on the existing record. Under these circumstances, there is no warrant for an evidentiary hearing. *See, e.g., Yohn v. Love*, 76 F.3d 508, 516 n.12 (3d Cir. 1996); *Petition of Forcella*, 71 F.2d 37, 39 (3d Cir. 1967).

**State Court Records**: Based upon the Superior Court docket sheet, it appears that the transcript of Bryant's trial and sentencing has been prepared. The post-conviction hearing conducted on May 24, 1984 was recorded, but no transcript has been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, given the age of the case,

respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Loren C. Meyers
Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210

March 17, 2008

| DIST. | OFF. | DOCKET YR. NUMBER | | FILING DATE MO DAY YEAR | | | J | N/S | O | D DEF | R EF | $ DEMAND Nearest $1,000 | JUDGE/ MAG. No | | COUNTY | JURY DEM. | DOCKET YR. NUMBER | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0311 | 01 | 82 | 0476 | 07 | 26 | 82 | 3 | 530 | 1 | | | | J ~~1107~~ #7 | M 11BA | 10003 | | 82 | 476 |

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JESSE J. BRYANT | JOHN L. SULLIVAN, Director of the Division of Adult Corrections |

### CAUSE
(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)

28 U.S.C. 2254 - State prisoner's petition for writ of habeas corpus

### ATTORNEYS

Bartholomew J. Dalton, Esq.                Francis A. Reardon, Esq.



| CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | FILING FEES PAID | | | STATISTICAL CARDS | |
|---|---|---|---|---|---|
| | DATE | RECEIPT NUMBER | C.D. NUMBER | CARD | DATE MAILED |
| | 7/26/82 | Brandt & Benson | | JS-5 | |
| | | | | JS-6 | |

UNITED STATES DISTRICT COURT DOCKET

| TE | NR. | PROCEEDINGS |
|---|---|---|
| 5/82 | 1 | Petition for writ of habeas corpus |
| 7/82 | 2 | ORDER Latchum J. referring action to Hon. N.Richard Powers, U.S.Magis., for approp. handling. (notice, copy to counsel) |
| " | 3 | Notice of assign. Latchum J. (notice, copy counsel) |
| /82 | 4 | ORDER Powers, U.S.Magis., respondents show cause why writ of habeas corpus should no issue by filing State Coure records, answer w/in 20 days receipt this order. (notice, copy petitioner w/Magis. consent notice; exit copies this order, petition w/Magis. consent notice to Marshal for respondents, Atty Gen DE) |
| 0/82 | 5 | Marshal's returns exec. 8/9/82 Sullivan, Atty Gen DE. |
| /82 | 6 | Notice of filing State Court record. |
| ' | 6A | State Court record - jacket 1 of 2. |
| ' | 6B | State Court record - jacket 2 of 2. |
| 4/82 | 7 | Parties' consent to have Magistrate dispose of case. |
| /82 | 8 | Deft's motion to dismiss. |
| ./82 | 9 | ORDER Powers, U.S.Magis., setting memo. sch. motion to dismiss. (notice, copies petitioner, counsel) |
| /82 | 10 | Petitioner's motion to extend memo. sch to 11/9/82; pro.order. |
| :/82 | | SO ORDERED Powers, U.S.Magis., D.I. 10. (notice, copies to counsel) |
| /82 | 11 | Petitioner's memo. in oppos. to respondent's motion to dismiss. |
| /82 | 12 | Supplemental State Court Record. |
| /82 | 13 | Magis. Report and Recommendation. (notice, copies pltf., counsel w/objec. notice) |
| | 14 | ORDER Powers, U.S.Magis., re service. (notice, copies to pltf., counsel) |
| /83 | 15 | Petitioner's notice and motion for evid. hearing, P/T conf.; pro.order; cert.cnsl. |
| /83 | 16 | ORDER Powers, U.S.Magis., Clerk prepare subpoena to be served by mail for appear. Warren R.Hamilton, Esq.  Subpoena issued. (exit subpoena in accord. w/Order) |
| 33 | H | Hearing Evid. Powers, U.S.Magis. |
| /83 | 17 | Marshal's return exec. subpoena 5/5/83 Warren Hamilton, Esq. |
| 3 | H | Hearing evid. Powers, U.S.Magis. |
| /83 | ~~18~~ | ~~Affidav. George Martino.~~ (docketed in wrong case). |
| 5/83 | 19 | Petitioner's memo. in support of petition. |
| 8/83 | 20 | Respondent's motion to dismiss, fail. to exhaust remedies. |
| /83 | 21 | Respondent's. memo. re motion to dismiss. |
| /83 | 22 | Petitioner's reply to respondent's Answer. |
| | 23 | Petitioner's response to motion to dismiss petition. |
| '83 | 24. | Memo. Opinion, Powers, U. S. Magis. (copies to counsel). |
| | 25. | **ORDER** Powers, U. S. Magis. pet. dismissed for failure to exhaust, no probable cause for appeal.  (copies to counsel). |
| 84 | 26. | Pltf's notice & motion for ext. time to file notice of appeal; affid. Charles Brandt |
| """" | 27 | Pro. order re ext. time to file notice of appeal. |
| '84 | 28 | **ORDER,** Powers, U.S. Magis. extending time for petitioner to file notice of appeal to 1/14/84. (copies to counsel). |
| 84 | 29. | Ack. of return of State Court Records. |



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JESSE J. BRYANT,                )
                                )
        Petitioner,             )
                                )
    v.                          )
                                )    Civil Action No. 82-476
JOHN L. SULLIVAN, DIRECTOR      )
OF DIVISION OF ADULT            )
CORRECTION,                     )
                                )
        Respondent.             )


O R D E R

For the reasons expressed in the accompanying opinion,

IT IS ORDERED:

1.  The petition is dismissed for failure to exhaust.

2.  There is no probable cause for appeal.


Dated:   November 2, 1983

                                    _____
                                    UNITED STATES MAGISTRATE

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on March 18, 2008,

1. He electronically filed the attached document (Answer) with the Clerk of the District Court using CM/ECF which will send notification of the filing to the following registered participants:

Leo John Ramunno, Esq.
1205 N. King St.
Wilmington, DE  19801
leojohnramunno@cavtel.net.

Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8844
Del. Bar ID 2210
loren.meyers@state.de.us