IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE JAMES BRYANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 07-688-SLR |
| ) | |
| PERRY PHELPS, ) | |
| Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

Leo John Ramunno. Counsel for petitioner.

Loren C. Meyers, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

Dated: July 31, 2008
Wilmington, Delaware

*[signature]*
ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is petitioner Jesse James Bryant's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is incarcerated in the James T. Vaughn Correctional Center in Smyrna, Delaware.[1] For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In May 1979, a Delaware Superior Court jury convicted petitioner of first degree murder, attempted murder, two counts of first degree conspiracy, two counts of possession of a deadly weapon during the commission of a felony, first degree burglary, and second degree conspiracy. The Superior Court sentenced petitioner to two consecutive life terms plus 30 years imprisonment. Petitioner appealed, and the Delaware Supreme Court affirmed petitioner's convictions and sentences following a remand to the Superior Court for a supplemental evidentiary hearing. Bryant v. State, 1981 Del. LEXIS 385 (Del. Nov. 13, 1981).

Petitioner filed an application for federal habeas relief in July 1982, which was dismissed in November 1983 for failure to exhaust state remedies. Bryant v. Sullivan, Civ. Act. No. 82-476-NRP (D. Del. Nov. 2, 1983). In 1991, petitioner requested parole, and the State investigated his request. As a result of that investigation, the Superior

---

[1]Formerly called the Delaware Correctional Center.

Court issued an order in June 1992 correcting petitioner's sentence for first degree murder to provide that the sentence was not subject to probation or parole. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's order. Bryant v. State, 1993 WL 22040 (Del. Jan. 8, 1993).

In June 2005, petitioner filed a counseled motion for state post conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court adopted the Superior Court Commissioner's Report and Recommendation and denied the Rule 61 motion as untimely. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. Bryant v. State, 2007 WL 2049781 (Del. July 18, 2007).

Petitioner filed an application for federal habeas relief in 2007, asserting that the 1992 correction of sentence for first degree murder violated Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004). The State contends that petitioner's application should be dismissed as time-barred, procedurally barred, or barred by the retroactivity doctrine of Teague v. Lane, 489 U.S. 288 (1989). (D.I. 12) For the following reasons, the court will deny the application as time-barred.

### III. DISCUSSION

#### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996 and applies to habeas applications filed after that date. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state

3

prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, filed in November 2007, is subject to AEDPA's limitations period. Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B) or (D).[2] To the extent petitioner attempts to qualify for a later filing date under § 2244(d)(1)(C) by challenging the legality of his sentence under Blakely and Apprendi, the attempt fails because the United States Supreme Court has not made Apprendi or Blakely retroactively applicable to cases on collateral review. See In re Olopade, 403 F.3d 159 (3d Cir. 2005). Therefore, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon

---

[2]The Blakely and Apprendi decisions do not constitute newly discovered factual predicates triggering the application of § 2244 (d)(1)(D). See Hubbard v. Klem, 2007 WL 2688672, at *3 (E.D. Pa. Sept. 7, 2007)(collecting cases).

4

expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas applications, thereby extending the filing period through April 23, 1997.[3] See McAleese v. Brennan, 483 F.3d 206, 213 (3d Cir. 2007); Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Here, petitioner's conviction became final in February 1982,[4] giving him until April 23, 1997 to timely file his application. Petitioner, however, did not file the instant application until October 25, 2007.[5] Therefore, the application is time-barred and

---

[3]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," Douglas, 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, petitioner filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

[4]The Delaware Supreme Court affirmed petitioner's convictions and sentences on November 13, 1981, and he did not seek certiorari review. Therefore, his judgment of conviction became final on February 1, 1982. See Kapral, 166 F.3d at 575-78.

[5]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F.Supp.2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Petitioner, however, is represented by counsel in this proceeding and, although other circuit courts have held the mailbox rule inapplicable to counseled petitions, the Third Circuit has not expressly addressed this

5

should be dismissed, unless the limitations period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158. The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). An application is "properly filed" for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

In this case, the Delaware State Courts denied the Rule 61 motion petitioner filed in 2005 as time-barred under Delaware Superior Court Criminal Rule 61(i)(1). As a result, the Rule 61 motion does not have any tolling effect because it was not a "properly filed" application within the context of § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408 (2005). Additionally, the Rule 61 motion fails to trigger statutory tolling because it was filed long after the expiration of AEDPA's limitations period. See Long

---

issue in a published opinion. See Harris v. Vaughn, 129 Fed. Appx. 684, 689 n. 12 (3d Cir. 2005)(noting that the Fifth Circuit's prison mailbox rule remains viable with respect to pro se litigants, even though that circuit has held that the mailbox rule does not apply to prisoners represented by counsel); see also Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003); Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002); Rutledge v. United States, 230 F.3d 1041, 1052 (7th Cir. 2000). In the instant situation, petitioner's application is untimely even with the benefit of the prison mailbox rule. Consequently, the court will apply the prison mailbox rule and adopts the date contained in the application as the date of filing: October 25, 2007.

6

v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004)("the state habeas petition had no effect on tolling [because AEDPA's] limitations period had already run when it was filed"). Accordingly, petitioner's habeas application must be dismissed unless the limitations period can be equitably tolled.

### C. Equitable Tolling

The Third Circuit permits equitable tolling of AEDPA's limitations period only in rare and exceptional circumstances, such as:

 (1) where the defendant actively misled the plaintiff;
 (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
 (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).

The court concludes that equitable tolling is not justified. First, petitioner's application does not address the limitations issue at all and, therefore, the court cannot discern any reason for concluding that petitioner's situation falls within one of the three narrow circumstances justifying equitable tolling. Moreover, even though the State's answer clearly explains the timeliness issue, petitioner's counsel did not file a reply alleging any circumstances that may provide a reason to apply the doctrine of equitable

tolling in this case. Therefore, the court will dismiss petitioner's habeas application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, if a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484.

The court finds that petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.